# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LEONARDO A. ZAPATA | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:13-cv-00495-GMN-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PARKWAY HOME OWNERS ASSOCIATION, | ) | Application to Proceed in Forma Pauperis (#1); Motion for Appointment of Counsel (#2); Screening of Complaint |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff Leonardo Zapata's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on March 22, 2013.

## DISCUSSION

### I.     Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his Application as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.    Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

1  the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995).
3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
4  for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
5  essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d
6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of
7  the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
8  *Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
10 elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v.*
11 *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
12 contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
13 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory
14 allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not
15 crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550
16 U.S. at 570.
17       To his Application, Plaintiff attached a 491-page "Petition for Review and Appeal,"
18 comprised almost entirely of documents pertaining to an underlying complaint Plaintiff filed with
19 the Department of Housing and Urban Development ("HUD").  Upon review of the Petition's
20 attachments, it appears Plaintiff seeks to assert a claim under the Fair Housing Act ("FHA"), Title
21 VIII of the Civil Rights Act, 42 U.S.C. § 3601 *et seq.*  In the Petition, however, Plaintiff merely
22 states he "petitions/appeals the Court for review of the [HUD's] decision of 'No Reasonable
23 Cause,' entered on May 22, 2011."  Plaintiff does not plead any of the facts that allegedly comprise
24 his claim against Defendant.  Therefore, so far as the Court can construe Plaintiff's Petition as a
25 complaint, it does not provide a "short and plain statement of the claim showing that [Plaintiff] is
26 entitled to relief."  Accordingly, the Court will dismiss Plaintiff's complaint with leave to amend.
27       In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is
28 instructed to consider the statue of limitations imposed by the FHA.  Although Plaintiff asserts he

received the HUD's dismissal less than two years ago, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years **after the occurrence or the termination of an alleged discriminatory housing practice**." 42 U.S.C. § 3613(a)(1)(A) (emphasis added). However, "the computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." *Id.* at § 3613(a)(1)(B).

Plaintiff is also informed that the Court cannot refer to a prior pleading to make any amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Motion for Appointment of Counsel

Plaintiffs have no absolute right to counsel in a civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Under 28 U.S.C. § 1915(e)(1), courts have discretion to request "an attorney represent [an] indigent civil litigant upon a showing of exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883. F.2d 819, 823 (9th Cir. 1989). The existence of exceptional circumstances is determined by four factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Although Plaintiff does not have the financial resources to pay attorneys' fees, attorneys frequently agree to handle civil rights cases on a contingent fee basis. Plaintiff claims in his Motion (#2) that he unsuccessfully sought legal assistance from Legal Aid and HUD, but makes no

representations that he attempted to secure private counsel on a contingency basis. Furthermore, the Court is unable to ascertain the meritoriousness of his claims without a properly pled complaint. Therefore, the Court finds Plaintiff has not demonstrated the existence of exceptional circumstances that warrant appointment of counsel in this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pay the $350.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Petition for Review (#1-1, 1-2, 1-3, 1-4, 1-5), which the Court construes as a complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#2) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 15, 2013** to file an amended complaint.

DATED this 17th day of May, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge